# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                      Case Nos.  97-10022-04-JTM (Criminal)
                                  16-1169-JTM (Civil)

ALLARI GUZMAN,

    Defendant.

## MEMORANDUM AND ORDER

This case is before the court on defendant Allari Guzman's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Dkt. 157). Defendant claims that the career offender enhancement based on U.S.S.G. § 4B1.1 of the sentencing guidelines, is unconstitutional in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). For the reasons set forth below, this court dismisses defendant's motion.

The United States Supreme Court held in *Beckles v. United States*, 137 S. Ct. 886, 890 (2017), that the residual clause under U.S.S.G. § 4B1.2(a)(2)—"defining a 'crime of violence' as an offense that 'involves conduct that presents a serious potential risk of physical injury to another[]'"—was not unconstitutional. *Beckles*, 137 S. Ct. at 890. *Beckles* abrogated the Tenth Circuit's decision in *United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015), and concluded that the advisory sentencing guidelines are not subject to vagueness challenges under the due process clause. *Beckles*, 137 S. Ct. at 886, 894.

Since *Beckles*, courts, including the Tenth Circuit, have considered challenges to career offender enhancements under the mandatory sentencing guidelines. *See, e.g.*, *United States v. Mulay*, No. 17-3031, 2018 WL 985741, at *3 (10th Cir. Feb. 20, 2018); *United States v. Greer*, 881 F.3d 1241, 1247 (10th Cir. 2018). But the Tenth Circuit resolved the matter by holding a defendant "cannot rely on *Johnson* to bring a retroactive challenge to his sentence on collateral review because the right he asserts . . . was not recognized in *Johnson*." *Mulay*, 2018 WL 985741 at *3. *Johnson's* holding is limited to the residual clause of the Armed Career Criminal Act. *Id.* at *4 (quoting *Greer*, 881 F.3d at 1248).[1] Because defendant is challenging his mandatory guidelines career offender enhancement on collateral review, *Johnson* is inapplicable to afford relief.

The court agrees with defendant's argument that reasonable jurists could disagree as to whether *Johnson* applies to cases sentenced under the mandatory guidelines, and therefore, grants defendant a certificate of appealability. *See, e.g.*, *Moore v. United States*, 871 F.3d 72, 84 (1st Cir. 2017) ("We leave it to the district court to decide in the first instance if it is appropriate to consider Moore's vagueness challenge as applied or categorically and, in either event, whether the pre-*Booker* guidelines fixed Moore's sentencing range in the relevant sense that the ACCA fixed sentences."). Defendant has presented issues "adequate to deserve encouragement to proceed further." *United States v. McGuire*, 678 F. App'x 643, 644 (10th Cir. 2017) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, (2000)).

---

[1] The Supreme Court held in *Welch v. United States*, 136 S.Ct. 1257, 1265 (2016), that *Johnson* was a substantive rule of constitutional law that applies retroactively to cases on collateral review.

-3-

IT IS THEREFORE ORDERED that defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Dkt. 157) is dismissed.

IT IS FURTHER ORDERED that the court will issue a certificate of appealability in this case.

Dated this 4th day of May, 2018, at Wichita, Kansas.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE